**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ELVIS LOPEZ** | * | **CIVIL ACTION NO. 2:23-CV-06348** |
| | * | |
| | * | **SECTION L** |
| **VERSUS** | * | |
| | * | **JUDGE ELDON E. FALLON** |
| | * | |
| **HARVEY GULF INTERNATIONAL MARINE, LLC** | * | **DIVISION 3** |
| | * | |
| | * | **MAGISTRATE JUDGE EVA J. DOSSIER** |
| * * * * * * * * * * * * * | * | |

**MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE EXPERT TESTIMONY**

Defendant Harvey Gulf International Marine, LLC ("Harvey Gulf") respectfully submits this memorandum in support of its motion to exclude expert testimony.

## I. FACTUAL BACKGROUND

This case arises out of a tripping incident that occurred while Plaintiff Elvis Lopez was employed as a seaman by Harvey Gulf. *See* Doc. 1 ¶¶ 7, 10; Lopez Dep. 106:10-16 (attached as Exhibit A). Lopez was assigned to work aboard the *M/V HARVEY INTERVENTION*, which was docked in Fourchon, Louisiana. Doc. 1 ¶ 8; Lopez Dep. 105:2-11. Then on August 2, 2023, while Lopez was loading groceries for the vessel, he tripped on allegedly uneven grating and injured himself. *See* Doc. 1 ¶¶ 10, 12-13; Lopez Dep. 106:10-16, 108:24-109:3, 109:22-23.

Plaintiff proposes to offer the expert testimony and report of Robert E. Borison, a safety expert. In his report, Borison concludes that the grating was installed incorrectly because it lacked sufficient support and that Harvey Gulf failed to inspect the grating. *See* Borison Report (attached

as Exhibit B). This Court should exclude Borison's expert testimony and report because his opinions are within the domain of common sense and will not assist the trier of fact.

## II. LAW AND ARGUMENT

Federal Rule of Evidence 702 governs the admissibility of expert testimony. It provides in part that a qualified expert may testify if the proponent demonstrates to the court that it is more likely than not that "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."[1] When expert testimony is challenged under *Daubert*, the burden of proof rests with the party seeking to introduce the expert testimony.[2] The Fifth Circuit recognizes that expert testimony is unnecessary if the court finds that "the jury could adeptly assess th[e] situation using only their common experience and knowledge."[3] In other words, courts must insist "that a proffered expert bring to the jury more than the lawyers can offer in argument."[4]

Expert testimony should be excluded when an "untrained layman would be qualified to determine intelligently and to the best degree" the specific issues about which the expert opines "without enlightenment from those having a specialized understanding of the subject involved in the dispute."[5] This Court has excluded opinions that are not based on any scientific knowledge and instead merely common sense observations.[6] Other sections of this Court regularly exclude the proffered expert testimony of Borison "in routine personal injury cases after finding that the

1. Fed. R. Evid. 702(a); *see also Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003) ("[E]xpert testimony must be relevant . . . in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue.").
2. *Moore v. Ashland Chem., Inc.*, 151 F.3d 269,276 (5th Cir. 1998).
3. *Peters v. Five Star Marine Serv.*, 898 F.2d 448, 450 (5th Cir. 1990).
4. *In re Air Crash Disaster at New Orleans, La.*, 795 F.2d 1230, 1233 (5th Cir. 1986).
5. *Vogler v. Blackmore*, 352 F.3d 150, 156 n.5 (5th Cir. 2003) (quoting Fed. R. Evid. 702 advisory committee's note).
6. *See, e.g.*, *Angelle v. Spartan Offshore Drilling LLC*, No. 17-7707, 2019 WL 3451549, at *5 (E.D. La. July 31, 2019) (Fallon, J.); *Alvarado v. Diamond Offshore Mgmt. Co.*, No. 11-25, 2011 WL 4948031, at *3 (E.D. La. Oct. 18, 2011) (Fallon, J.); *Clements v. Todco, Inc.*, No. 04-2806, 2006 WL 8456131, at *2 (E.D. La. Mar. 1, 2006) (Fallon, J.).

issues could be resolved based on commonsense and ordinary experience."[7] This includes the routine exclusion of Borison's testimony as to the safety of a walking surface and the failure to inspect a vessel.[8]

No expertise of any kind was required or used to render Borison's opinions. Borison did not inspect the vessel or perform any testing. Borison's opinions are not based on scientific, technical, or other specialized knowledge and therefore will not assist the trier of fact in understanding the evidence or determining a fact in issue. This incident falls well within the common knowledge of the jury. Using only their common experience and knowledge, the jurors are more than capable of deciding whether the grating presented a tripping hazard, whether Harvey Gulf inspected the grating, and whether any failure to properly brace or inspect the grating caused injury to Lopez—without the aid of Borison's so-called "expert" testimony. Simply put, Borison's testimony is unnecessary for the jury to "adeptly assess this situation." The jury will hear the testimony of Lopez and his co-workers and will see photos of the grating walkway in question. Because Borison's testimony and report will not assist the trier of fact in assessing the evidence, the Court should exclude them.

---

7. *Tercero v. Oceaneering Int'l, Inc.*, No. 17-7438, 2018 WL 2100637, at *4 (E.D. La. Feb. 8, 2018) (Africk, J.) (quoting *Paes v. Rowan Companies, Inc.*, No. 12-1069, 2013 WL 757646, at *4 (E.D. La. Feb. 27, 2013) (Africk, J.)); *see, e.g.*, *Hollies v. Triton Asset Leasing GmbH*, No. 19-11592, 2020 WL 6469987, at *2 (E.D. La. Nov. 3, 2020) (Guidry, J.) (excluding Borison's testimony regarding the safe use of stairs, laggers, or ramps); *Spaid v. Cheramie Marine, LLC*, No. 16-14169, 2017 WL 2688226, at *2 (E.D. La. June 22, 2017) (Vance, J.) (excluding Borison's testimony regarding the dangers posed by an open hole in the floor); *Patterson v. Omega Protein, Inc.*, No. 13-6293, 2014 WL 12925006, at *2 (E.D. La. June 12, 2014) (Berrigan, J.) (excluding Borison's testimony as to the hazards of lifting a heavy net); *Thomas v. Glob. Explorer, LLC*, No. 02-1060, 2003 WL 943645, at *2 (E.D. La. Mar. 3, 2003) (Vance, J.) (excluding Borison's testimony on whether installing a rope near a ladder on a vessel was a safety hazard).

8. *See, e.g.*, *Dean v. Seacor Marine Payroll Mgmt., LLC*, No. 21-1177, 2023 WL 9686716, at *4 (E.D. La. Nov. 7, 2023) (Brown, C.J.) (excluding Borison's testimony regarding whether water on the floor made the galley slippery); *Lewis v. Marquette Transp. Co., LLC*, No. CV 17-10917, 2019 WL 1572563, at *3 (E.D. La. Apr. 11, 2019) (Ashe, J.) (excluding Borison's testimony as to non-skid surfaces and failure to inspect the vessel); Order & Reasons, *Mosely v. Wood Grp., PSN Inc.*, No. 16-107 (E.D. La. June 27, 2017) (Milazzo, J.), ECF 78 (excluding Borison's testimony regarding whether oil on the floor made the deck slippery); *Kibodeaux v. Hercules Offshore Servs., LLC*, No. 15-1229, 2016 WL 9443773, at *5 (E.D. La. Feb. 3, 2016) (Barbier, J.) (excluding Borison's testimony regarding a tripping hazard in a walkway); *Marshall v. Supreme Offshore Servs., Inc.*, No. 10-3198, 2011 WL 6258487, at *2 (E.D. La. Dec. 15, 2011) (Vance, J.) (excluding Borison's testimony regarding crew's failure to remove a welding rod left in a walkway).

## III. CONCLUSION

For the foregoing reasons, the Court should grant Harvey Gulf's motion and exclude the expert testimony and report of Robert E. Borison.

Respectfully submitted,

**ADAMS AND REESE LLP**

*/s/ Johnny Domiano*

Edwin C. Laizer, T.A. (#17014)
Johnny L. Domiano, Jr. (#24383)
Charles A. Cerise, Jr. (#1755)
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Ed.Laizer@arlaw.com
Johnny.Domiano@arlaw.com
Charles.Cerise@arlaw.com
***Attorneys for Defendant Harvey Gulf International Marine, LLC***