UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELVIS LOPEZ | CIVIL ACTION NO. 23-6348 |
| | SECTION: L (3) |
| VERSUS | |
| | JUDGE ELDON E. FALLON |
| HARVEY GULF INTERNATIONAL MARINE, LLC | |
| | MAGISTRATE JUDGE EVA J. DOSSIER |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY**

MAY IT PLEASE THE COURT:

The defendant, Harvey Gulf International Marine, LLC [hereinafter referred to as "Harvey Gulf"], filed a Motion to Exclude Expert Testimony which the plaintiff, Elvis Lopez, hereby opposes.

On August 2, 2023, Mr. Lopez was employed as a seaman by Harvey Gulf when he tripped on uneven grating and was injured. Mr. Lopez hired Robert Borison as a safety expert. In their Memo, Harvey Gulf states, "This Court should exclude Borison's expert testimony and report because his opinions are within the domain of common sense and will not assist the trier of fact." [Memo, p. 2]. They claim:

> No expertise of any kind was required or used to render Borison's opinions. . . . Borison's opinions are not based on scientific, technical, or other specialized knowledge and therefore will not assist the trier of fact in understanding the evidence or determining a fact in issue. This incident falls well within the common knowledge of the jury.
>
> Memo, p. 3.

In *Hidden Oaks Ltd. v. City of Austin*, 138 F. 3d 1036 (5th Cir. 1998), the Court stated,

"Trial courts have wide discretion in deciding whether or not a particular witness qualified as an expert under the Federal Rules of Evidence." *Hidden Oaks Ltd.*, p. 1050.

In *Austin v. Sontheimer Offshore/Catering Co., et al,* No. 23-1602, 2021 WL 217498 (E. D. La. January 19, 2024), (Fallon, J.), the defendant filed a Motion to Exclude the Testimony of Robert Borison. This Court denies the Motion, stating:

> Federal Rule of Evidence 702 governs the admissibility of expert testimony. Rule 702 provides:
> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.
>
> "To qualify as an expert, the witness must have such knowledge or experience in [his] field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth." *United States v. Hicks*, 389 F.3d 514, 524 (5th Cir. 2004) (quotations omitted).
>
> The U.S. Supreme Court's decision in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588 (1993) "provides the analytical framework for determining whether expert testimony is admissible under Rule 702." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243 (5th Cir. 2002). The *Daubert* framework requires trial courts to make a preliminary assessment to "determine whether the expert testimony is both reliable and relevant." *Burleson v. Tex. Dep't of Crim. Just.*, 393 F.3d 577, 584 (5th Cir. 2004). . . .
>
> With respect to determining the relevance of an expert's testimony pursuant to Rule 702 and *Daubert*, the proposed testimony must be relevant "not simply in the way all testimony must be relevant [pursuant to Rule 402], but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue." *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003). When ruling on the admissibility of expert opinion evidence, "[t]he district court should, initially, approach its inquiry with the proper deference to the jury's role as the arbiter of disputes between conflicting opinions." *Viterbo*, 826 F.2d at 422. . . .
>
> Weeks challenges the relevance of Borison's proposed testimony pursuant to Rule 702, arguing that his opinions involve common sense matters which are not based

on his expertise, his opinions invade the province of the factfinder, and his opinions include impermissible conclusions of law.

First, Weeks argues that Borison's testimony is unnecessary and unhelpful because it involves common-sense matters which do not require expert testimony and invade the province of the factfinder.[21] In response, plaintiff argues that Borison has testified about maritime safety in over eighty-five cases and will educate the jury on rules, regulations, and acceptable practices applicable to the case.[22]

As the U.S. Fifth Circuit Court of Appeals has explained, expert testimony should be excluded when, "the jury could adeptly assess th[e] situation using only their common experience and knowledge." *Peters v. Five Star Marine Serv.*, 898 F.2d 448, 450 (5th Cir.1990). A court's "principal inquiry is whether the expert testimony at issue contains conclusions based on common sense, or rather, explication of technical issues which will assist in the jury's appreciation of the operative facts at issue in this case." *Oatis v. Diamond Offshore Mgt. Co.*, No. 09-3267, 2010 WL 936449, at *2 (E.D. La. Mar. 12, 2010) (Engelhardt, J.).

Weeks relies on a case where another section of this Court held that Borison could not testify because "no expertise of any kind was required or used to render [his] opinion, and [his] opinion would not assist the jury to resolve any issue in [the] case." *See Thomas v. Glob. Explorer, LLC*, No. 02-1060, 2003 WL 943645, at *2 (E.D. La. Mar. 3, 2003) (Vance, J.). However, in the present case, Borison's opinion, as stated in his report, is that Weeks violated health and safety requirements by failing to provide "safe means of access."[23] His opinion explains that a ladder should have been provided as a safe means of disembarking the vessel.[24] What is considered "safe means of access" pursuant to maritime safety standards and the maritime industry is not a common sense issue with which the Court is readily familiar. *See McDowell v. Atl. Sounding Co.*, No. 11-1879, 2012 WL 1656262, at *2 (E.D. La. May 10, 2012) (Morgan. J.). Borison's specialized knowledge and experience in the area of marine safety will help shed light on this issue. *See id.*

In *Marin v. Falgout Offshore, LLC*, No. 11-428, 2011 WL 6000848 (E.D. La. November 30, 2011) (Fallon, J.), the defendant filed Motions to Exclude Report and Testimony of Robert Borison and Gerald S. George. This Court stated, "Ms. Borison has submitted a report in which he opines that the Plaintiff's injury was caused by the improper design of the grocery container which required an unsafe lifting position to unload it. He also opines regarding the Defendant's allegedly deficient training and safety procedures."

This Court stated:

> With respect to whether the opinions will assist the trier of fact, this is more complicated than a simple lifting case. Plaintiff's theory is that he was forced to work in a negligently-designed constrained setting, which prevented him from lifting in the safe manner in which he had been trained and contributed to his injury. The testimony of Mr. Borison and Dr. George may assist the Court as trier of fact, and exclusion of their testimony is not appropriate at this time. After hearing their testimony and cross-examination, the Court will be in a position to give those opinions whatever evidentiary weight they warrant. Accordingly, Defendant's motions to exclude are denied.

In *Meaux v. Cooper Consolidated, LLC, et al*, No. 19-10628, 2021 WL 3553537 (E.D. La. April 22, 2021), (Ashe, J.), the defendant filed a Motion in Limine to exclude certain opinions and testimony of Robert Borison. Judge Ashe denied the Motion, finding that Mr. Borison's expert opinions "involve more than common sense, fall outside of the Court's general knowledge, and are thus relevant and admissible."

Harvey Gulf attached to their Memo as Ex. "B" a copy of Mr. Borison's report. In that report Mr. Borison goes through his qualifications, including "over 50 years of safety experience in the industries relating to the exploration, production, and transport of oil and gas and the marine, general, and commercial industries." [Report, p. 2]. He explains his methodology, root cause analysis. [Report, pp. 4-5]. He lists the documents he reviewed in preparation for his report. [Report, p. 5]. He then gives his opinions—(1) that Harvey Gulf allowed the improper installation of the grating [Report, pp. 6-8]; and (2) that Harvey Gulf failed to properly inspect the grating following installation and use [Report, p. 9]. He explains that he reached his opinions based on his review of the deposition testimony of the vessel engineer, Chris Harris, and based on ASTM (American Society for Testing and Materials) standard specifications.

Mr. Lopez submits that Mr. Borison's testimony and report are admissible under *Daubert*

and under the numerous cases in which Mr. Borison has been allowed to testify. Mr. Lopez also submits that Mr. Borison's testimony and report are relevant and would assist the trier of fact in understanding or determining facts at issue in this matter. Mr. Borison used his expertise in order to render his opinions. His opinions are based on specialized knowledge of ASTM standard specifications. Mr. Borison has testified about maritime safety in numerous cases and can educate the jury on rules, regulations, technical issues and acceptable practices applicable to this case. What is considered "improper installation of a grating" and "proper inspection of a grating following installation and use" pursuant to ASTM standard specifications involves more than common sense and falls outside of a jury's general knowledge.

Based on the foregoing, the plaintiff, Elvis Lopez, prays that Harvey Gulf's Motion to Exclude Expert Testimony be denied, at their cost.

Respectfully submitted,

/s/ Darleen M. Jacobs
DARLEEN M. JACOBS (#7208)
*A Professional Law Corporation*
823 St. Louis Street
New Orleans, Louisiana 70112
(504) 522-0155
dollyno@aol.com
Counsel for the Plaintiff,
ELVIS LOPEZ

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of October, 2024, I served a copy of the foregoing on counsel for the defendants through the CM/ECF system.

/s/ Darleen M. Jacobs
DARLEEN M. JACOBS