UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELVIS LOPEZ** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-6348** |
| **HARVEY GULF INTERNATIONAL MARINE, LLC** | **SECTION "L" (3)** |

## ORDER & REASONS

Pending before the Court is Defendant Harvey Gulf International Marine's *Daubert* motion to exclude Plaintiff Elvis Lopez's safety expert, Robert Borison. R. Doc. 37. Lopez opposes the motion. R. Doc. 38. Harvey Gulf filed a reply. R. Doc. 41. Having considered the briefing, record, and applicable law, the Court rules as follows.

I.     BACKGROUND

This is a maritime personal injury case. R. Doc. 1 at 2. Plaintiff Elvis Lopez alleges that on August 2, 2023, he was offloading cargo from the M/V Harvey Intervention in the scope of his employment with Harvey Gulf. *Id.* at 3. While unloading the cargo, he tripped on the grating of the vessel's stairs, which he alleges was "unstable because it was not braced and secured." *Id.* Lopez injured his knee, back, and neck in the fall. *Id.* Harvey Gulf brought him to their company doctor, who performed surgery on the torn medial meniscus in his right knee. *Id.* Lopez also alleges that he complained of further pain in his neck and back, but that Harvey Gulf did not arrange for him to undergo MRIs of those areas. *Id.* According to Lopez, Harvey Gulf released him to return to work too soon, and without obtaining a fit for duty release from the doctor. *Id.*

Lopez states three causes of action in this case: (1) Jones Act negligence; and (2) general maritime negligence and unseaworthiness and (3) a claim for maintenance and cure. *Id.* at 3-4. First, Lopez contends that Harvey Gulf breached its duty under the Jones Act by failing to provide

1

a safe place for him to work. *Id.* at 4. Specifically, Lopez states that Harvey Gulf did not provide safe and sufficient gear, properly secured stairways, proper safety equipment, and training, among other missteps. *Id.* Lopez avers that these oversights were the proximate cause of his injuries. *Id.*

Second, Lopez argues that Harvey Gulf is liable to him for general maritime negligence and unseaworthiness. *Id.* Lopez contends that Harvey Gulf breached its duties in several ways, including failing to maintain a safe place to work, failing to shut down its operations due to unsafe conditions, failing to properly supervise its employees' work, and failing to adequately train its crew. *Id.* at 5. Third, Lopez asserts a claim for maintenance and cure.[1] *Id.* at 6.

In response, Harvey Gulf generally denies Lopez's allegations. R. Doc. 9. Additionally, Harvey Gulf asserts several affirmative defenses, including lack of control, contributory negligence, lack of proximate cause, force majeure, preexisting medical conditions, failure to mitigate damages, and open and obvious condition. *Id.* at 1-13.

## II.    PRESENT MOTION

Harvey Gulf moves to exclude the testimony of Lopez's safety expert, Robert Borison. R. Doc. 37. Borison provided a report in which he offers two opinions. R. Doc. 37-3. First, he opines that Harvey Gulf allowed others to improperly install the fiberglass stair grating which Lopez tripped on. *Id.* at 6. Specifically, Borsion opines that the installation of the grating did not meet American Society for Testing and Materials ("ASTM") safety standards because the edges, where two panels of grating met, were not properly supported or fastened together. *Id.* at 7-8. Second, Borison opines that Harvey Gulf failed to properly inspect the grating after its installation. *Id.* at

---

[1] On July 1, 2024, the Court granted summary judgment denying Plaintiff's claim for maintenance and cure. R. Doc. 23. The Court found that Harvey Gulf established a successful *McCorpen* defense because Mr. Lopez intentionally concealed pre-existing injuries when he was hired by Harvey Gulf. *Id.*

9. He avers that testimony suggests that the grating moved or deflected when walked on, which should have put Harvey Gulf on notice that it was unstable and a tripping hazard. *Id.*

Harvey Gulf avers that Borison's testimony should be excluded as it will not help the jury. R. Doc. 37-1. It avers that "no expertise of any kind was required or used to render Borison's opinions" and that "[t]his incident falls well within the common knowledge of the jury." *Id.* at 3. Harvey Gulf cites several cases in which various sections of this Court excluded Borison's testimony as unnecessary to assist the factfinder. *Id.* n.7, n.8. For example, Harvey Gulf cites:

> *Spaid v. Cheramie Marine*, LLC, No. 16-14169, 2017 WL 2688226, at *2 (E.D. La. June 22, 2017) (Vance, J.) (excluding Borison's testimony regarding the dangers posed by an open hole in the floor); *Patterson v. Omega Protein, Inc.*, No. 13-6293, 2014 WL 12925006, at *2 (E.D. La. June 12, 2014) (Berrigan, J.) (excluding Borison's testimony as to the hazards of lifting a heavy net).

*Id.* n.7.

Lopez opposes the motion. R. Doc. 38. He argues that "Mr. Borison used his expertise in order to render his opinions" including his "over 50 years of safety experience" which includes experience particularized to the "marine industry." *Id.* at 4-5. Lopez contends that Borison's opinions are "based on specialized knowledge of ASTM standard specifications." *Id.* at 5. Lopez also cites several cases in which this Court allowed Borison to testify, such as *Marin v. Falgout Offshore, LLC*, No. 11-428, 2011 WL 6000848, at *3 (E.D. La. Nov. 30, 2011) (holding that Borison's testimony as a safety expert could assist the jury where the plaintiff's "theory [was] that he was forced to work in a negligently-designed constrained setting, which prevented him from lifting in the safe manner"); *Austin v. Sontheimer Offshore/Catering Co.*, No. 23-1602, 2024 WL 217498, at *4 (E.D. La. Jan. 19, 2024) ("What is considered 'safe means of access' pursuant to maritime safety standards and the maritime industry is not a common sense issue with which the Court is readily familiar . . . . Borison's specialized knowledge and experience in the area of marine safety will help shed light on this issue.").

Harvey Gulf replied, arguing that Borison's explanation of the ASTM safety standards is not helpful to the jury. R. Doc. 41. It contends that "[t]he jury is more than capable of—without any expertise of any kind—comparing the evidence about the grating to any ASTM standard and determining whether it was installed correctly or whether it created a tripping hazard." *Id.* at 2. It also avers that the cases Lopez cites involved more complex, technical matters than the instant case. *Id.* at 3.

### III.    LAW & DISCUSSION

District courts have discretion to admit or exclude expert testimony under the Federal Rules of Evidence. *General Elec. Co. v. Joiner*, 522 U.S. 136, 139 (1997). In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993), the Supreme Court held that Rule 702 of the Federal Rules of Evidence requires a district court to act as a gatekeeper to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable." Here, Harvey Gulf challenges only the relevance of Borison's testimony to the case. Testimony is relevant if the expert's reasoning and methodology "fits" the facts of the case and the testimony will assist the trier of fact to understand the evidence. *Daubert*, 509 U.S. at 591. An expert's testimony is not relevant and may be excluded if it is directed to an issue that is "well within the common sense understanding of jurors and requires no expert testimony." *Vogler v. Blackmore*, 352 F.3d 150, 155 (5th Cir. 2003). "[W]hen expert testimony is challenged under Rule 702 and *Daubert*, the burden of proof rests with the party seeking to present the testimony." *Kennedy v. Magnolia Marine Transp. Co.*, 189 F. Supp. 3d 610, 615 (E.D. La. 2016) (citing *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998)).

The Court will not exclude Borison's testimony. Lopez has sufficiently demonstrated that Borison's testimony will assist the jury in understanding the applicable safety standards. The Court

4

notes that Borison has expertise in maritime safety matters. R. Doc 37-3 at 2. He has analyzed the application of ASTM standards to the facts of this case, which the Court finds would be beyond the knowledge of an average juror. Other distrct courts have indeed held that an expert's knowledge and application of ASTM standards in a maritime trip and fall case is relevant and admissible. For example, in *Kalyna v. City of New York*, the court held that a safety expert's testimony was admissible where the plaintiff tripped on a vessel's doorsill. No. 16-00273, 2018 WL 11361019, at *6 (E.D.N.Y. Sept. 11, 2018). The safety expert applied and analyzed ASTM F1166, a standard for designing safe walkways in the context of marine vessels. *Id.* Although the defendant challenged the relevancy of the testimony, the court disagreed because it found that "her expertise will be useful to the jury in helping them understand the configuration of the door sill, the ramp, and the gap between the two" as well as in helping the jury understand and interpret the ASTM standards she used. *Id.* at 6-7.

  Here, the Court likewise finds that Borison's testimony will likely be useful in explaining the ASTM standard and its application to the jury. *Id.* The proper installation technique of fiberglass grating on a vessel is not within an average juror's common knowledge. Thus, although this is a tripping case, the Court finds that it is more complex than other tripping cases where Borison's testimony was excluded. For example, Harvey Gulf cites *Dean v. Seacor Marine Payroll Mgmt., L.L.C.*, where this Court excluded Borison's testimony. No. 21-1177, 2023 WL 9686716, at *1 (E.D. La. Nov. 7, 2023). However, that was a "straightforward slip and fall case" involving a water leak. *Id.* There the Court reasoned that "the jury can determine whether water on the floor made the galley slippery and whether non-skid mats could have been used to prevent an accident, because these are common sense opinions." *Id.* Here, conversely, the Court is not persuaded that the jury can use their "common sense" to determine whether the fiberglass grating was properly

5

installed, with the correct use of grid overlap and fasteners. Accordingly, the Court finds that Borison's testimony is relevant and admissible.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Harvey Gulf's motion to exclude Borison's testimony, R. Doc. 37, is **DENIED**.

New Orleans, Louisiana, this 6th day of January, 2025.

*[signature: Eldon E. Fallon]*

HONORABLE ELDON E. FALLON
UNITED STATES DISTRICT JUDGE